IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| STATIC CONTROL COMPONENTS, INC., | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 07CV00007 |
| v. | ) ) | |
| FUTURE GRAPHICS, LLC, | ) ) | |
| Defendant | ) | |

MEMORANDUM ORDER

TILLEY, District Judge

This matter is currently before the Court on Defendant Future Graphics, LLC's ("Future Graphics") Second Motion for More Definite Statement [Doc. # 16]. For the reasons set forth below, the Second Motion for More Definite Statement [Doc. # 16] will be GRANTED.

I.

Plaintiff Static Control Components, Inc. ("Static Control") filed the Complaint in this matter on January 3, 2007. [Doc. # 1]. On February 12, 2007, Future Graphics filed a Motion for a More Definite Statement. [Doc. # 9]. In response, Static Control filed a Motion to Amend on February 22, 2007, which the Court granted. [Doc. ## 10, 13]. Static Control filed an Amended Complaint on October 25, 2007 [Doc. # 14] and filed a Second Amended Complaint on November 12, 2007 [Doc. # 15]. In response to the Amended Complaints, Future Graphics filed a Second Motion for More Definite Statement [Doc. # 16] and a

Supplemental Memorandum regarding the Second Motion for More Definite Statement [Doc. # 18].

II.

Rule 12(e) allows a party to move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." Fed. R. Civ. P. 12(e). In patent infringement cases, "[c]ourts have considered Rule 12(e) relief appropriate . . . where a plaintiff has failed to identify any allegedly infringing product or products." E.g., Agilent Techs., Inc. v. Micromuse, Inc., No. 04 Civ. 3090(RWS), 2004 WL 2346152, at *5-6 (S.D.N.Y. Oct. 19, 2004) (granting motion for more definite statement where complaint merely stated that defendant "makes, sells, or offers products for sale . . . that infringe Agilent's patents"); Bay Indus., Inc. v. Tru-Arx Mfg., LLC, No 06-C-1010, 2006 WL 3469599, at *1 (granting motion for more definite statement where "none of the allegedly infringing products are specifically identified"); eSoft, Inc. v. Astaro Corp., No. 06-cv-00441, 2006 U.S. Dist. LEXIS 52336, at *4 (D. Co. July 31, 2006) (noting that plaintiff's "complaint fails to identify any particular product or service that allegedly infringes the patent-in-suit"). In addition, courts have granted motions pursuant to Rule 12(e) where the complaint has not alleged any "limiting parameters" reasonably allowing identification of the allegedly infringing products. See Agilent Techs., 2006 WL 3469599 at *15 (listing cases).

In this case, Static Control asserts the following:

> Future Graphics has been, and is, infringing Static Control's
> '928 and '346 patents in violation of 35 U.S.C. § 271(a) and/or (c) by
> making using, offering to sell, selling, or importing, and/or contributing
> to the use by others, of universal chips, including universal chips
> having item numbers LMKUT520CHIP, HPUCHIPA, HPUCHIPA2,
> HPUCHIPX, HPUCHIPX2, HPUCCHIPC5, HPUCCHIPC7, HPUCCHIPK,
> HPUCCHIPM5, HPUCCHIPM7, HPUCCHIPY5, and HPUCCHIPY7, and
> the methods of using these universal chips that are covered by one or
> more of the claims of the '928 and '346 patents.

[Sec. Am. Comp. ¶ 11]. Future Graphics asserts that this allegation does not put it on notice regarding which of its "universal chips," other than the 12 chips specifically identified in the Complaint, allegedly infringe Static Control's patents. In particular, Future Graphics asserts that Static Control's "reference to universal chips is too vague to provide sufficient notice as to which universal chips are included." [Doc. # 16 at 8]. In response, Static Control provides a definition of the term "universal chips" and further asserts that "a plaintiff in a patent infringement suit is not required to identify every specific product sold by the defendant that allegedly infringes the patent." [Doc. # 19 at 4.]

While the Complaint in this case identifies some chips by item number and attempts to use the term "universal chips" as a limiting parameter, the allegation in paragraph 11 of the Second Amended Complaint is simply insufficient to allow Future Graphics to formulate a response to the Complaint. For instance, Static Control has made it clear that it is not limiting its infringement allegations to the 12 chips specifically enumerated in the Second Amended Complaint. Therefore, Future Graphics cannot limit its responsive pleading to these 12 chips. Moreover, Future Graphics asserts that the term "universal chips" is not sufficiently defined.

Therefore, in order to frame a responsive pleading, Future Graphics has no choice but to interpret each of the claims of the patents in suit, compare each of its chips that could be considered "universal chips" to the claims in the patents in suit, and determine whether it believes the chips violate any of the claims in the patents in suit. See Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995), aff'd 517 U.S. 370 (1996) (describing steps of infringement analysis).

Absent a more definite statement regarding the specific chips that Static Control asserts are allegedly infringing, Future Graphics cannot "reasonably be required to frame a responsive pleading." See In re Papst Licensing GmbH Patent Litig., No. CIV. A. MDL 1298, 2001 WL 179926, at * 1, *2 (E.D. La. Feb. 22, 2001) (rejecting proffered non-exclusive list of "as many as one hundred allegedly infringing products" and finding that plaintiff's "complaint must be amended to specifically identify the [defendant's] products which it alleges infringe upon one or more claims of each of the" patents in suit.); see also Agilent Techs., 2004 WL 2346152, at *15 (explaining that defendant "is entitled to know which of its products or services are alleged to have infringed [plaintiff's] patents and a more definite statement setting forth that information is appropriate").

III.

For the reasons set forth above, Future Graphics' Motion for More Definite Statement [Doc. # 16] is GRANTED.

This the 15th day of January, 2008.

/s/ N. Carlton Tilley, Jr.
United States District Judge